Filed 7/20/26  P. v. Bolanos CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D087027 |
| Plaintiff and Respondent, | (Super. Ct. No. INF1700627) |
| v. | |
| JUAN CARLOS BOLANOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, Kristi Hester, Judge.  Affirmed.

Juan Carlos Bolanos, in pro. per., and Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2020, a jury convicted Juan Carlos Bolanos of continuous sexual abuse of a child (Pen. Code[1] § 288.5 (count 1)) and three counts of lewd acts with a child under 14 years of age (§ 288, subd. (a) (counts 2, 3, & 4)).

---

[1]     Further statutory references are to the Penal Code.

Bolanos was sentenced to a 16-year term for count 1. The court imposed concurrent low-term sentences for the remaining counts, and stayed under section 654.

In 2025, Bolanos filed a petition for resentencing under section 1172.1, requesting the court to order the Department of Corrections and Rehabilitation to recalculate his custody credits. The court denied the petition. The court found Bolanos was not entitled to resentencing under section 1172.1 and that the calculation of custody credits appeared to be correct.

Bolanos filed a timely notice of appeal and received a certificate of probable cause.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 indicating counsel has not been able to identify any arguable issues that would warrant reversal on appeal. Counsel recognizes the procedure to be followed in *People v. Wende* (1979) 25 Cal.3d 436 is not applicable to cases falling under the scope of *Delgadillo*. Counsel does note, however, that *Delgadillo* does grant the Court of Appeal the discretion to conduct an independent review of the record for error. Counsel asks this court to exercise its discretion to review the record for error as we would do in a case controlled by *Wende*.

We advised Bolanos that he could file his own brief on appeal. He has filed a supplemental brief. We have carefully reviewed Bolanos's brief, but we have not discovered any arguable issues for reversal on appeal.

In his brief, Bolanos includes a number of legal principles such as the separation of powers doctrine as applied to the federal and state constitutions. He includes a variety of materials relating to custody credits without any arguments that would create an arguable issue for reversal on

appeal.  The materials and principles Bolanos submits on this record do not present any potentially meritorious issues in this case.

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *People v. Delgadillo* and asks the court to independently review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: whether the trial court erred in denying Bolanos's petition to recall the sentence.

We have exercised our discretion and have independently reviewed the record.  We have not discovered any potentially meritorious issues for reversal on appeal.  Competent counsel has represented Bolanos in this appeal.

## DISPOSITION

The order denying Bolanos's petition under section 1172.1 is affirmed.


HUFFMAN, J.*

WE CONCUR:


O'ROURKE, Acting P. J.


BERMUDEZ, J.

---

*        Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.